# Exhibit D

```
 1                IN THE UNITED STATES DISTRICT COURT

 2                FOR THE MIDDLE DISTRICT OF ALABAMA

 3                          NORTHERN DIVISION

 4   ALAN EUGENE MILLER,

 5        Plaintiff,

 6   Vs.                         CASE NO.: 2:22cv506-RAH

 7   JOHN Q. HAMM, et al.,

 8        Defendants.

 9              *  *  *  *  *  *  *  *  *  *  *  *  *  *

10                           MOTION HEARING

11              *  *  *  *  *  *  *  *  *  *  *  *  *  *

12       BEFORE THE HONORABLE R. AUSTIN HUFFAKER, JR., UNITED STATES

13         DISTRICT JUDGE, at Montgomery, Alabama, on Wednesday,

14         November 9, 2022, commencing at 2:00 p.m.

15                             APPEARANCES

16   FOR THE PLAINTIFF:       Ms. Mara Klebaner
                              Ms. Kelly J. Huggins
17                            Attorneys at Law
                              SIDLEY AUSTIN LLP
18                            One South Dearborn Street
                              Chicago, Illinois 60603
19
     FOR THE DEFENDANTS:      Mr. James R. Houts
20                            Ms. Audrey Kathleen Jones Jordan
                              Attorneys at Law
21                            Office of the Attorney General
                              501 Washington Avenue
22                            Montgomery, Alabama 36130

23                *  *  *  *  *  *  *  *  *  *  *  *  *

24             Proceedings reported stenographically;
                   transcript produced by computer
25
                  *  *  *  *  *  *  *  *  *  *  *  *  *
```

1  we -- I mean, if the Court is telling us that we're going to put
2  these physical security -- correctional officers out there, even
3  though there is no factual dispute that they took him into the
4  chamber, they put him on the gurney, he didn't resist, they were
5  released to secondary posts.  I mean, that's my concern for the
6  Rule 26.  I read my child a book, If You Give a Mouse a Cookie.
7  And I think in this litigation we have a very real desire to
8  maintain the secrecy of who these people are, and it burdens us
9  to have to go beyond that.  And there's no need for that burden
10 if we're agreeing with our friends that everything you say is
11 true in that regard.  He didn't resist.  He went to the gurney.
12 Everybody went -- and it would help if the Court would sort of
13 help guide us along --
14         THE COURT:  I'm going to give you some guidance.  Okay?
15 And I'm inclined to require you to give them some names, and in
16 particular those who were on the IV team.  I think that's fair.
17 I think that's legitimate.  I think they have the right to
18 determine whether the individuals who are attempting to access
19 the veins are qualified to do it, and are there problems with
20 those particular individuals doing that.
21         Again, I kind of come back to -- and it's an extreme
22 circumstance -- that somebody who may have had a medical license
23 in Texas loses that license, they can't get a job, and they end
24 up in Alabama, and they're willing to do this job, and they're
25 really the last person in the world that should be attempting to

1 tap a vein on somebody.  And it doesn't matter whether they're
2 an inmate or you or me that goes to the Pri-Med up the road.  I
3 think they have a right to at least look into that some, subject
4 to a confidentiality order.
5          And to the extent there will be a confidentiality
6 order -- and there will -- right now I don't see a need for
7 Mr. Miller to know who those individuals are because, again, I
8 don't know what I could do to hold him in contempt of Court.  He
9 doesn't have a bunch of money in his inmate account.  I can't
10 put him in prison because he's already there.  So I don't know
11 what else I could do.
12          MS. KLEBANER:  Fair enough, Your Honor.
13          I would just bring us back to the point I mentioned
14 earlier, that sort of the ultimate sanction is available in this
15 case.  Mr. Miller at this point -- as you said, the idea of more
16 prison time, there's no more prison time he could have.  There's
17 no more money he could give.  This litigation is what he has,
18 and that is what you have control over.  So I certainly think we
19 can all agree that you have sort of the power to impose the
20 ultimate sanction in this case.
21          I also do think it's quite relevant that the names of
22 these guards are very well known at the prison and amongst
23 circles of people who sort of work in this area:  Lawyers,
24 policymakers, lawmakers, advocates.  The names of the guards are
25 not in practice kept confidential.  The guards themselves

```
 1          MR. HOUTS:  It does.  May we send it to the same email
 2   address we send --
 3          THE COURT:  You may.  The proposed order email address?
 4   Yes.
 5          Safe travels back to Chicago.  Good to see you-all.  We
 6   are adjourned.
 7          (Proceedings concluded at 3:25 p.m.)
 8                     * * * * * * * * * * * *
 9                   COURT REPORTER'S CERTIFICATE
10          I certify that the foregoing is a correct transcript
11   from the record of the proceedings in the above-entitled matter.
12          This 15th day of November, 2022
13
14                              /s/ Patricia G. Starkie
                                Registered Diplomate Reporter
15                              Certified Realtime Reporter
                                Official Court Reporter
16
17
18
19
20
21
22
23
24
25
```