IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES EDWARD BARBER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:23-cv-00342-ECM |
| ) | |
| KAY IVEY, Governor of the State ) | |
| of Alabama, *et.al*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO BARBER'S EMERGENCY RIGHT-OF-ACCESS MOTION**

James Barber filed an emergency motion with this Court, arguing that the Alabama Department of Corrections ("ADOC") is infringing on his counsel's "right of access" to his execution. Doc. 70. Specifically, Barber asks this Court to order ADOC to permit his counsel "to bring one pad of writing paper, two click-top pens, and one plain wristwatch" into the viewing room when she attends his execution as a witness. *Id.* at 1. For the following reasons, Barber's motion should be denied.

1. ADOC Administrative Regulation Number 303 ("AR 303") took effect in August 2012, and "establishes the responsibilities, policies, and procedures for visitation." Doc. 70-2 at 1; *see also Arthur v. Dunn*, 2:16-cv-868, 2017 WL 1362861, at *2 (M.D. Ala. Apr. 12, 2017). AR 303 prohibits all visitors, including attorneys, from wearing any "[j]ewelry, except [a] wedding set/band" inside any of ADOC's

corrections facilities. Doc. 70-2 at 17, 23. AR 303 provides that attorneys "may bring two (2) writing instruments and current legal documents" when they "visit" with their clients. *Id.* at 23. AR 303 does not authorize attorneys for inmates to bring pens, pencils, or paper if they choose to attend the execution of their client as a witness.

2. Alabama Code Section 15-18-83 identifies the persons who "may be present at an execution." *Arthur*, 2017 WL 1362861, at *3. Attorneys for condemned inmates are not included in the statute. *Id.* Indeed, "the statute makes no separate provision for an inmate's counsel to attend his execution, while acting in a legal capacity as the inmate's counsel. Counsel may attend only as a designated friend." *Id.*; *id.* ("An inmate's counsel may attend his execution as one of the friends whom the inmate designates to attend.").

3. In a different context, this Court found that ADOC's rules, specified in AR 303, apply equally to all visitors who attend an execution, reasoning:

> It is undisputed that the ADOC's long-standing policy prohibits visitors to a correctional facility from possessing cellular telephones or wireless devices within the correctional facility. This process applies to all visitors, even those who also happen to be counsel for a death-row inmate and are at the facility as designated witnesses to an execution. There is no exception for attorneys in this instance; a visitor is a visitor. The ADOC has not recently changed this policy; it has been in effect for many years.

*Taylor v. Dunn*, 2:17-cv-046, 2017 WL 5618124, at *6 (M.D. Ala. Nov. 21, 2017) (Watkins, J.). Simply put, an attorney for a condemned inmate who chooses to attend his execution as a friend must follow the same rules as other visitors.

4.      Importantly, Barber fails to cite any authority for the proposition that his counsel has a "right of access" to attend his execution or that he can raise a "right-of-access" claim on behalf of his counsel. And he fails to explain why his counsel should be exempt from the rules that apply to all visitors who attend executions.

For the foregoing reasons, this Court should decline to order ADOC to permit Barber's counsel to bring the items identified in his motion into the viewing room when she attends his execution as a witness and deny Barber's motion.

          Respectfully submitted,

          Steve Marshall
          *Attorney General*

          ***s/ Henry M. Johnson***
          Henry M. Johnson
          Richard D. Anderson
          *Assistant Attorneys General*
          Counsel of Record *

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which shall cause the same to be transmitted to all counsel of record.

*s/ Henry M. Johnson*
Henry M. Johnson
*Assistant Attorney General*

July 20, 2023

State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
Tel: (334) 353-9095
Henry.Johnson@AlabamaAG.gov